JOHN VALENTINE, JR.  SBN 162689
jvalentine@valentinelawla.com
LAW OFFICES OF JOHN VALENTINE, JR.
1880 Century Park East, Suite 315
Los Angeles, CA 90067
(310) 728-1012/FAX (424) 234-5209

Attorney for Plaintiff Ermalee Coonis

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERMALEE COONIS,<br><br>Plaintiff,<br><br>vs.<br><br>ST. PIUS X- ST. MATTHIAS ACADEMY, an unknown entity; ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES, a corporation sole,<br><br>Defendants | CASE NO. 8:14-cv-00996<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Disability Discrimination in Violation of 42 U.S.C. § 12101, et seq.<br><br>2. Failure to Accommodate Disability in Violation of 42 U.S.C. § 12101, et seq.<br><br>3. Failure to Engage in the Interactive Process in Violation of 42 U.S.C. § 12101, et seq.<br><br>4. Wrongful Termination in Violation of Public Policy<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ermalee Coonis ("PLAINTIFF") alleges as follows:

1

COMPLAINT FOR DAMAGES

## JURISDICTION

1. This action arises under the federal Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. Subject matter jurisdiction over this action is conferred upon this Court by 28 U.S.C. §§ 1331. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over PLAINTIFF's state law claim because that claim is substantially related to PLAINTIFF's federal disability discrimination claim.

2. This Court has personal jurisdiction over the defendants, and venue is proper in this District pursuant to 28 U.S.C.§§ 1391(b) and (c). Defendants are doing business in this District, and a substantial portion of the activity about which Plaintiff complains have taken place in this District.

## PARTIES

3. Plaintiff Ermalee Coonis is an individual residing in Orange County California.

4. PLAINTIFF is informed and believes and thereon alleges that defendant ST. PIUS X/ST. MATTHIAS ACADEMY ("ACADEMY") is and at all relevant times was a Catholic high school of an unknown entity type with its principal place of business in Los Angeles County California. ACADEMY formerly transacted business under the name St. Matthias High School.

COMPLAINT FOR DAMAGES

ACADEMY at no relevant time was registered as a distinct business entity with the California Secretary of State.

5. PLAINTIFF is informed and believes and thereon alleges that defendant ROMAN CATHOLIC ARCHBISHOP OF LOS ANGELES, a corporation sole ("RCALA") is and at all relevant times was a California corporation organized under the laws of the State of California with its principal place of business in Los Angeles County California. PLAINTIFF is informed and believes and thereon alleges that RCALA is responsible for the operation of Catholic schools in Los Angeles, Ventura and Santa Barbara counties. PLAINTIFF is informed and believes and thereon alleges that at all relevant times, the RCALA operated, controlled and owned ACADEMY.

6. At all times mentioned herein, each of the Defendants named herein was, and is, the agent, servant, and employee of each of the other Defendants, and all the things herein alleged to have been done by said Defendants were done in the capacity of and as agent of the other Defendants.

## GENERAL ALLEGATIONS

7. PLAINTIFF began working for ACADEMY and RCLA on or about March 1, 2009. PLAINTIFF worked for ACADEMY and RCLA as a bookkeeper.

COMPLAINT FOR DAMAGES

8. On July 6, 2012, PLAINTIFF sustained a head injury (concussion) in a fall. PLAINTIFF was later diagnosed with post-concussion syndrome. One of the symptoms of post-concussion syndrome is depression. PLAINTIFF had trouble with memory loss, concentrating, and was feeling depressed for quite some time. The depression affected PLAINTIFF's ability to think, concentrate and to work. PLAINTIFF eventually decided that she needed to see a doctor about her condition.

9. On April 17, 2013, PLAINTIFF saw a psychiatrist at Kaiser Hospital (Irma Chu, M.D.). PLAINTIFF was placed off work initially through April 25th based on a diagnosis of depression. PLAINTIFF's doctor thereafter extended her leave through June 13, 2013 based on a diagnosis of major depression. PLAINTIFF thereafter saw another psychiatrist (Julie J. Giglio, M.D.) who placed her on a leave of absence until August 31, 2013. ACADEMY and RCALA were all relevant times aware that PLAINTIFF had a disability and was experiencing workplace problems as a result of a disability. ACADEMY and RCALA were at all times also kept informed of PLAINTIFF's need for leave due to a serious health condition and designated PLAINTIFF'S leave as FMLA leave due to a serious health condition.

10. On June 28, 2013, Erick Rubalcava the Principal of ACADEMY wrote PLAINTIFF a letter terminating her employment. The stated reason for the

termination of PLAINTIFF's employment was that her requested leave through August 31, 2013 exceeded the four month leave policy of ACADEMY and RCALA. At no time prior to June 28, 2013 did Mr. Rubacalva (or any other employee) contact PLAINITFF during her leave of absence to discuss her medical condition or her ability to return to work at the conclusion of her leave. PLAINTIFF's psychiatrist cleared her to return to work on August 31, 2013.

11. PLAINTIFF timely filed Charges of Discrimination with the EEOC alleging disability discrimination in violation of the Americans with Disabilities Act. PLAINTIFF received right to sue letters from the EEOC on April 23, 2014 and May 22, 2014.

## FIRST CLAIM FOR RELIEF
(Disability Discrimination Against Defendants ACADEMY and RCALA, 42 U.S.C. § 12101 et. seq.)

12. PLAINTIFF realleges and incorporates here by this reference the allegations in paragraphs 1 through 11 of this complaint.

13. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

5

COMPLAINT FOR DAMAGES

14. ACADEMY and RCALA employ more than 15 employees and are therefore an "employer" as that term is defined in 42 U.S.C. § 12111(5)(A). On information and belief, RCALA has -- and has had at all times relevant to the litigation -- more than 500 employees.

15. Beginning in 2012 PLAINTIFF suffered from post-concussion syndrome and resulting depression. PLAINTIFF's post-concussion syndrome and resulting depression substantially limited major life activities, including the PLAINTIFF's ability to think, concentrate and to work.

16. At all relevant times, PLAINTIFF was a qualified individual who possessed the requisite skills and experience for the bookkeeper position that she held and was capable of performing the essential functions of her job with or without accommodation.

17. PLAINTIFF is informed and believes and thereon alleges that her disability was the motivating reason for the termination of her employment.

18. As a result of the conduct of ACADEMY and RCALA alleged above, PLAINTIFF has sustained emotional distress, mental anguish, humiliation, anger and other psychic injury.

19. As a result of the conduct of ACADEMY and RCALA alleged above, PLAINTIFF has and will continue to sustain economic loss.

20. Plaintiff has incurred and will continue to incur legal expenses and attorney's fees and costs and seeks recovery of such fees according to proof.

### SECOND CLAIM FOR RELIEF
(Failure to Accommodate Disability Against Defendants ACADEMY and RCALA 42 U.S.C. § 12101 et. seq.))

21. PLAINTIFF realleges and incorporates here by this reference the allegations in paragraphs 1 through 11 and paragraphs 13 through 16 of this complaint.

22. PLAINTIFF requested an accommodation from ACADEMY and RCALA in the form of a request for a leave of absence through August 31, 2013.

23. ACADEMY and RCALA knew or should have known that PLAINTIFF has a disability and that PLAINTIFF was experiencing work problems because of PLAINTIFF'S post-concussion syndrome disability.

24. ACADEMY and RCALA failed to provide PLAINTIFF with a reasonable accommodation. Providing an accommodation in the form of an unpaid leave of absence would not have created an undue hardship for ACADEMY and RCALA.

25. As a result of the conduct of ACADEMY and RCALA alleged above, PLAINTIFF has sustained emotional distress, mental anguish, humiliation, anger and other psychic injury.

26. As a result of the conduct of ACADEMY and RCALA alleged above,

7

COMPLAINT FOR DAMAGES

KARR has and will continue to sustain economic loss.

27. Plaintiff has incurred and will continue to incur legal expenses and attorney's fees and costs and seeks recovery of such fees according to proof.

**THIRD CLAIM FOR RELIEF**
(Failure to Engage in the Interactive Process
Against Defendants ACADEMY and
RCALA, 42 U.S.C. § 12101 et. seq.)

28. PLAINTIFF realleges and incorporates here by this reference the allegations in paragraphs 1 through 11 and paragraphs 13 through 16 of this complaint.

29. ACADEMY and RCALA knew or should have known that PLAINTIFF has a disability and that PLAINTIFF was experiencing work problems because of PLAINTIFF's disability.

30. PLAINTIFF was willing to participate in an interactive process to determine whether a reasonable accommodation could be made so that she could perform the essential requirements of her job. ACADEMY and RCALA failed to participate in a timely good-faith interactive process with PLAINTIFF to determine whether PLAINTIFF could be accommodated through an unpaid leave of absence that exceeded the four month leave policy of ACADEMY and RCALA. A reasonable accommodation was available in the form of an unpaid leave of absence through August 31, 2013. Providing an accommodation in the form of an unpaid leave of absence would not have created an undue hardship for

ACADEMY and RCALA.

31. As a result of the conduct of ACADEMY and RCALA alleged above, PLAINTIFF has sustained emotional distress, mental anguish, humiliation, anger and other psychic injury.

32. As a result of the conduct of ACADEMY and RCALA alleged above, PLAINTIFF has and will continue to sustain economic loss.

33. Plaintiff has incurred and will continue to incur legal expenses and attorney's fees and costs and seeks recovery of such fees according to proof.

### FOURTH CLAIM FOR RELIEF
(Wrongful Termination in Violation of Public Policy
Against Defendants ACADEMY and
RCALA)

34. PLAINTIFF realleges and incorporates here by this reference the allegations in paragraphs 1 through 11 and 13 through 16 of this complaint.

35. As codified in 42 U.S.C. § 12101, *et seq.*, there is a fundamental public policy prohibiting employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112.

36. At all relevant times, PLAINTIFF was a qualified individual who possessed the requisite skills and experience for the bookkeeper position that she

held and was capable of performing the essential functions of her job with or without accommodation.

37. PLAINTIFF is informed and believes and thereon alleges that her disability was the motivating reason for the termination of her employment.

38. As a result of the conduct of ACADEMY and RCALA alleged above, PLAINTIFF has sustained emotional distress, mental anguish, humiliation, anger and other psychic injury.

39. As a result of the conduct of ACADEMY and RCALA alleged above, PLAINTIFF has and will continue to sustain economic loss.

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

**On the First Claim For Relief**

1. Compensatory damages according to proof at the time of trial or entry of judgment;

2. An award of front and back pay;

3. For attorney's fees as provided by law;

**On the Second Claim for Relief**

4. Compensatory damages according to proof at the time of trial or entry of judgment;

5. An award of front and back pay;

COMPLAINT FOR DAMAGES

6. For attorney's fees as provided by law;

**On the Third Claim for Relief**

7. Compensatory damages according to proof at the time of trial or entry of judgment;

8. An award of front and back pay;

9. For attorney's fees as provided by law;

**On the Fourth Claim for Relief**

10. Compensatory damages according to proof at the time of trial or entry of judgment;

11. An award of front and back pay;

**On All Claims for Relief**

12. For costs of suit; and

13. For such other and further relief that the Court deems just and proper.

COMPLAINT FOR DAMAGES

DATED: June 29, 2014          LAW OFFICES OF JOHN VALENTINE, JR.


By: _____
    JOHN VALENTINE, JR.
    Attorney for Plaintiff Ermalee Coonis

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: June 29, 2014        LAW OFFICES OF JOHN VALENTINE, JR.


By: _____
JOHN VALENTINE, JR.
Attorney for Plaintiff Ermalee Coonis

COMPLAINT FOR DAMAGES